UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER, | No. 2:16-cv-1527 AC P |
| Plaintiff, | |
| v. | ORDER |
| BARACK OBAMA, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 5.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 4, 9. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the complaint will be summarily dismissed.

II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,

1 Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in
2 the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
3 McKeithen, 395 U.S. 411, 421 (1969).

### III.   Complaint

Plaintiff has filed a complaint, as well as a motion to amend and a proposed first amended complaint. ECF Nos. 1, 6, 7. The contents of the original and amended complaints are substantially similar. In the complaints, plaintiff alleges that his identical twin brother was convicted in California of lewd acts with a minor. ECF No. 1 at 4-5. Under California law, his brother was not required to register as a sex offender. Id. However, his brother moved to New Mexico and New Mexico required him to register as a sex offender. Id. at 5. He asserts that New Mexico's registry includes a photo of his brother, which has resulted in plaintiff being persecuted and almost murdered by members of the public in California, Colorado, and New Mexico due to mistaken identity. Id.; ECF No. 7 at 13. Plaintiff claims that the federal government and California, Colorado, and New Mexico have failed to train state employees and agencies on how to handle situations involving twins. ECF No. 7 at 13. The majority of both complaints revolve around the allegations that a number of private individuals are tracking plaintiff, using his cell phone and various email addresses, and harassing him. ECF No. 1; ECF No. 7. He asks that the court investigate and for compensatory damages. Id.

### IV.   Failure to State a Claim

Here, the majority of the allegations in plaintiff's original and amended complaints, which deal with plaintiff being tracked and spied on by private individuals, are rambling, border on being incoherent and delusional, and do not present facts or legally coherent theories of liability establishing a claim for relief.[1] These claims will be dismissed. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" (internal citations omitted)). Additionally, to the extent plaintiff may have been

---

[1] The court also notes that it does not conduct investigations and plaintiff's request that the court investigate these individuals and their harassment is not a proper request for relief.

subject to harassment and attacks by private individuals, he does not state cognizable claims because 42 U.S.C. § 1983 applies only to persons who are "acting under color of state law." Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012). "'[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" Id. (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)).

With respect to plaintiff's claims about New Mexico's sex offender registry, while it is unfortunate that plaintiff appears to have been the victim of mistaken identity, the registry has his brother's photograph and name, not plaintiff's. There is no violation of plaintiff's privacy. To the extent plaintiff may also be attempting to allege an Eighth Amendment claim against California, Colorado, and New Mexico, "a State is not a 'person' within the meaning of § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989). Moreover, the only claims about California and Colorado are that plaintiff was almost killed in each state by private citizens, which also fails to state a claim under § 1983. Finally, plaintiff's claims against the federal government fail because the federal government does not oversee state governments.

V.     No Leave to Amend

If the Court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, for the reasons set forth above, plaintiff's complaint fails to state a claim upon which relief may be granted. Moreover, given the nature of plaintiff's claims,

there is no way for plaintiff to amend the complaint to state a claim for which relief can be granted, and leave to amend therefore would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

VI.   Summary

The complaint will be dismissed because plaintiff's complaint does not state a claim and because of the types of claims he is making, amending the complaint would not help.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The motion to amend (ECF No. 6) is denied.

2. The complaint is dismissed without leave to amend.

DATED: March 31, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE